**AYRES WELDING COMPANY, INC., Appellant,**

v.

**CONOCO, INC., Appellee.**

**No. 14–06–00532–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 11, 2007.

Rehearing Overruled Dec. 20, 2007.

Daryl L. Moore, Houston, Mike Johanson, Sugarland, TX, for appellant.

Darrell L. Barger, David William Green, Corpus Christi, TX, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and EDELMAN.*

* Senior Justice Richard H. Edelman, sitting by assignment.

## OPINION

RICHARD H. EDELMAN, Senior Justice.

In this contractual indemnity dispute, Ayres Welding Company, Inc. ("Ayres") appeals a summary judgment entered in favor of Conoco, Inc. ("Conoco") on the grounds that: (1) the indemnity agreement between the parties does not obligate Ayres to indemnify Conoco for non-work related injuries to an Ayres employee; (2) the indemnity agreement is unenforceable because it fails the express negligence test; (3) fact issues preclude summary judgment; and (4) the 1.7 million dollar judgment amount exceeds the contractual cap. We affirm.

### Background

Ayres and Conoco entered into a contract (the "contract") for Ayres to perform welding and maintenance work for Conoco. In 2001, Tommy Joe Day, an Ayres employee, suffered serious injuries in a collision while riding in a vehicle driven by a Conoco employee. Day sued Conoco, Conoco requested indemnity from Ayres under the contract's indemnity provisions, but Ayres declined. Conoco thereafter settled Day's claim for $1.7 million, and sued Ayres for contractual indemnity. Conoco and Ayres each moved for summary judgment on the indemnity issue, and the trial court denied Ayres's motion and granted Conoco's.

### Standard of Review

A traditional summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Tex.R. Civ. P. 166a(c). In reviewing a summary judgment, we take

as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve any doubts, in the nonmovant's favor. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, the reviewing court considers the summary judgment evidence presented by both sides, determines all questions presented, and renders the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

### Scope of Indemnity Obligation

The relevant portions of the indemnity provisions at issue state:

14.1 *APPLICATION OF INDEMNITIES.* **EXCEPT AS OTHERWISE PROVIDED IN THIS CONTRACT, ANY INDEMNIFICATION AND DEFENSE OBLIGATION IN THIS CONTRACT APPLIES REGARDLESS OF (1) THE CAUSE OF OR REASON FOR ANY COVERED LOSS OR LIABILITY; (2) THE SOLE, JOINT OR CONCURRENT NEGLIGENCE OR OTHER FAULT, WHETHER ACTIVE OR PASSIVE, OF THE INDEMNIFIED PARTY; AND (3) WHETHER THE LOSS OR LIABILITY RESULTS FROM ACTIONS OF [CONOCO], ITS AGENTS OR EMPLOYEES.**

14.2 *GENERAL INDEMNIFICATION.* [AYRES] shall **INDEMNIFY AND HOLD [CONOCO] HARMLESS** from *loss or liability ... arising from any claim or cause of action for ... injury to ... persons, caused by, arising from, or incidental to the Work.*[1] *However, such indemnification shall*

*not apply to claims for ... injury ... caused by [CONOCO's] sole negligence. [AYRES's] indemnity obligations under this provision shall be limited to $1,000,000 per occurrence....*

14.4 *EMPLOYEES OF [AYRES].* Notwithstanding anything to the contrary in this Contract, [AYRES] shall **INDEMNIFY AND HOLD [CONOCO] HARMLESS** from *any loss or liability ... arising from any claim or cause of action for injury to ... [AYRES's] employees.*

(emphasis added).

■ Ayres's first issue asserts that although section 14.4 obligates it to indemnify Conoco for an injury claim by an Ayres employee, section 14.2 limits that obligation to matters "caused by, arising from, or incidental to" the "work." Ayres argues that the automobile accident was not caused by or incidental to work under the contract because it occurred off the job site, after working hours.

Conoco argues that section 14.2 is the general indemnity provision, and that section 14.4, which follows it, provides an exception whereby Ayres must indemnify Conoco for any damages or injuries sustained by an Ayres employee. Conoco asserts that section 14.4 overrides section 14.2 because section 14.4 states that it applies notwithstanding anything to the contrary in the contract.

■ We construe indemnity agreements under normal rules of contract construction. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex.2000). Our primary goal is to ascertain and give effect to the parties' intent as expressed in the contract. *Seagull Energy E & P, Inc. v. Eland Energy*, 207 S.W.3d 342, 345 (Tex.

---

**1.** The "work" is defined in the contract as the welding and general maintenance services

and materials requested by Conoco and provided by Ayres.

2006). To discern the intent, we must examine the entire contract in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *Id.* Additionally, contract terms are to be given their plain, ordinary, and generally accepted meanings and the more specific provisions of a contract will control over the general. *Dorsett,* 164 S.W.3d at 662 (Tex.2005); *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133–34 (Tex.1994).

In this case, section 14.4 plainly states that Ayres will indemnify Conoco for liability arising from injury to an Ayres employee notwithstanding anything to the contrary in the contract, thus, including section 14.2. Because Ayres's interpretation does not give effect to this plain language, we are not at liberty to adopt it. Accordingly, Ayres's first issue is overruled.

### Express Negligence Test

Ayres's second issue argues that section 14.4 does not meet the express negligence test because an interpretation that Conoco should be indemnified for its own negligence requires reading sections 14.4 and 14.1 together, even though neither refers to the other. Ayres contends that having to make inferences by piecing together different contract provisions is a problem the express negligence test was adopted to prevent.

Conoco responds that multiple provisions of the contract can be read together to meet the express negligence test. Conoco thus argues that when section 14.4 is read together with section 14.1, stating:

EXCEPT AS OTHERWISE PROVIDED IN THIS CONTRACT, ANY INDEMNIFICATION AND DEFENSE OBLIGATION IN THIS CONTRACT APPLIES REGARDLESS OF ... (2) THE SOLE, JOINT OR CONCURRENT NEGLIGENCE OR OTHER FAULT, WHETHER ACTIVE OR PASSIVE, OF THE INDEMNIFIED PARTY ...,

the parties' intent for Ayres to indemnify Conoco for its own negligence is clear, and the express negligence test is met.

■■■■ Because indemnification of a party for its own negligence is an extraordinary shifting of risk, fair notice requirements, including the express negligence doctrine and the conspicuousness requirement,[2] apply to such indemnity agreements.[3] The express negligence doctrine requires that an intent to indemnify a party from the consequences of that party's own negligence be expressed in specific terms within the four corners of the contract. *See Gulf Ins. Co.,* 22 S.W.3d at 423; *Dresser Indus., Inc.,* 853 S.W.2d at 508. The express negligence requirement is a rule of contract interpretation and thus a question of law for the court. *Fisk Elec. Co. v. Constructors & Assocs., Inc.,* 888 S.W.2d 813, 814 (Tex.1994).

The following language has been held to meet the express negligence test: "Operator agrees to ... indemnify, and save Contractor harmless from and against all claims ... without limit and without regard to the cause or causes thereof or the negligence of any party or parties ..."

---

2. The conspicuousness requirement, which is not in issue in this case, mandates "that something must appear on the face of the [contract] to attract the attention of a reasonable person when he looks at it." *Dresser Indus., Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex.1993).

3. *Id.* The fair notice requirements are not applicable when the indemnitee establishes that the indemnitor possessed actual notice or knowledge of the indemnity agreement. *Id.* at 508 n. 2. However, because actual notice was not asserted in Conoco's motion for summary judgment, we do not address it.

*Maxus Exploration Co. v. Moran Bros. Inc.*, 817 S.W.2d 50, 57 (Tex.1991). The Texas Supreme Court has further held that "[a]n indemnity agreement need not be confined to one sentence" and that a contract, taken "as a whole," can be sufficient to define the parties' intent to indemnify a company for that company's own negligence. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 8 (Tex.1990). Therefore, a clause providing that a contractor will indemnify a company for any claims, "regardless of whether such claims are founded in whole or in part upon alleged negligence of [Company]," also meets the test. *Id.*

▇▇▇ In this case, although the express negligence language in section 14.1 is not contained in section 14.4, which provides Ayres's indemnity obligation in this case, the language, "any indemnification . . . in this contract," found in section 14.1, unambiguously refers to the claims or causes of action described in section 14.4. Because the contract, as a whole, is thus sufficient to demonstrate an intent that Ayres indemnify Conoco for the consequences of Conoco's own negligence, the express negligence test is met. Accordingly, Ayres's second issue is overruled.

### Fact Issues and Indemnity Cap

Ayres's third issue contends, in the alternative, that fact issues precluded the summary judgment because: (1) Conoco failed to establish that it was not solely negligent for Day's injuries, as required for the indemnity obligation to arise under section 14.2 of the contract; and (2) if both its interpretation of the contract and Cono-

co's interpretation are reasonable, the contract is ambiguous.

▇▇▇ Ambiguity in a contract does not exist merely because the parties assert forceful and diametrically opposing interpretations,[4] but only if the contract language is susceptible to two or more *reasonable* interpretations. *Seagull Energy*, 207 S.W.3d at 345. Whether a contract ambiguity exists is a question of law for the court to decide. *In re D. Wilson Const. Co.*, 196 S.W.3d at 781.

In this case, because Ayres's interpretation of the provisions would require ignoring the plain language in section 14.4, it is not a reasonable interpretation that can render the contract ambiguous. Similarly, because we have concluded above that section 14.2 does not apply, Conoco was not required to prove that it was not solely negligent under that section. Accordingly, Ayres's third issue is overruled.

▇▇▇ Ayres's fourth issue asserts that even if the contract requires Ayres to indemnify Conoco, section 14.2 limits the amount of indemnity to $1 million dollars,[5] and the trial court erred by exceeding this cap in the final judgment. Again, however, because section 14.2, which provides the indemnity cap on which Ayres relies, is overridden by language of section 14.4 stating: "Notwithstanding anything to the contrary in this contract, [Ayres] shall indemnify and hold [Conoco] harmless from *any* loss or liability [i.e., without limitation] . . . arising from any claim or cause of action for injury . . . of [Ayres's] employees . . ." (emphasis added), Ayres's fourth issue is also without merit and is over-

---

4. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex.2006)

5. For this contention, Ayres relies on the language in section 14.2 that states, "[AYRES'S]

indemnity obligations under this provision shall be limited to $1,000,000 per occurrence."

ruled. Accordingly, the judgment of the trial court is affirmed.