**Reversed and Rendered and Memorandum Opinion filed August 28, 2014.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔒𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-13-00282-CV

**JUDY RYLIE, Appellant**

**V.**

**RYLIE TRANSPORTS, INC., Appellee**

**On Appeal from the 13th District Court**
**Navarro County, Texas**[1]
**Trial Court Cause No. 09-18048-CV**

## M E M O R A N D U M   O P I N I O N

The Texas Workforce Commission (TWC) awarded appellant Judy Rylie unemployment benefits and authorized charging back those benefits to Rylie's former employer, appellee Rylie Transports, Inc.  Rylie Transports then sued Rylie, alleging she was required to reimburse it for the charges under an indemnity agreement contained in the final divorce decree ending her marriage to the

---

[1] This case was transferred to this Court from the Tenth Court of Appeals.

president of Rylie Transports. Both parties filed cross-motions for summary judgment, and the trial court granted Rylie Transports' motion and denied Rylie's.

In this appeal, Rylie contends the trial court erred when it granted Rylie Transports' motion and denied her own because she established as a matter of law that the indemnity agreement did not cover Rylie Transports' claim for reimbursement. Because the undisputed facts establish that Rylie's claim for unemployment benefits is not covered by the plain language of the indemnity agreement, we reverse and render judgment that Rylie Transports take nothing.

## BACKGROUND

Rylie was married to Ernest Rylie, the president of Rylie Transports. Ernest filed for a divorce from Rylie, and a Final Decree of Divorce ending their marriage was signed on December 5, 2008. In addition to a negotiated property settlement, the Divorce Decree contained an indemnification agreement.

During her marriage to Ernest, Rylie worked for Rylie Transports. After Ernest had filed for divorce, a restraining order was signed barring Rylie from entering the premises of Rylie Transports and preventing her from performing her work duties. Despite barring her from entering the premises, Rylie Transports continued to pay Rylie her regular salary. Rylie Transports paid Rylie until September 26, 2008, when the wages were stopped in anticipation of a settlement in the divorce action. Ultimately, the Divorce Decree ordered Rylie to resign from her positions with Rylie Transports.

After Rylie Transports stopped paying her salary, Rylie filed a claim for unemployment benefits with the TWC on October 19, 2008. The TWC approved Rylie's claim and authorized charging back Rylie's unemployment benefits to Rylie Transports' account on November 17, 2008. One result of the TWC's

2

decision was an increase in Rylie Transports' unemployment insurance tax rate. The TWC Appeal Tribunal confirmed the decision awarding Rylie unemployment benefits as well as the charge to Rylie Transports' account on March 9, 2009.

Rylie Transports sought judicial review of the TWC's decision in district court. In the same suit, Rylie Transports sued Rylie to recover the damages it claimed it had incurred as a result of charging back Rylie's unemployment benefits to Rylie Transports' account. Rylie Transports based its claim against Rylie on an indemnity agreement in the Divorce Decree and also alleged fraud.

Rylie Transports filed a motion for partial summary judgment, arguing it had established as a matter of law that Rylie was liable to it under the indemnity agreement. Riley filed a combined response and cross-motion for summary judgment asserting, among other arguments, that her claim for unemployment benefits was not covered by the plain language of the indemnity agreement. Before the court ruled on these motions, Rylie Transports non-suited its cause of action seeking review of the TWC's decision.

The trial court granted Rylie Transports' motion and denied Rylie's. It then conducted a bench trial on the damages Rylie Transports alleged it had incurred as a result of Rylie filing for unemployment benefits.[2] At the conclusion of the evidence, the trial court signed a final judgment awarding Rylie Transports $13,089.33 in damages and $9,220 in attorneys' fees. This appeal followed.

---

[2] At the beginning of the bench trial, the trial court agreed to reconsider its summary judgment in response to a legal argument re-urged by Rylie. The court also proceeded to hear evidence regarding damages and attorneys' fees. In its final judgment, the court again granted Rylie Transports' summary judgment motion. Nothing in the bench trial record affects our interpretation of the indemnity agreement, which presents a legal issue.

ANALYSIS

Rylie brings four issues on appeal challenging the trial court's final judgment. Because it is dispositive, we need only address her second issue. In that issue, Rylie contends the trial court erred when it granted Rylie Transports' motion for partial summary judgment and denied her own because Rylie Transports' claim for indemnification is not covered by the Divorce Decree's indemnity agreement. We agree with Rylie.

## I.    Standard of review and applicable law

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). When a plaintiff moves for summary judgment on its cause of action, it must conclusively prove all essential elements of its claim as a matter of law. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). When a defendant moves for summary judgment, it must disprove at least one essential element of the plaintiff's cause of action in order to prevail. *Doggett v. Robinson*, 345 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2011, no pet.). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, the appellate court reviews both motions and determines all questions presented. *Id.* The reviewing court should then render the judgment that the trial court should have rendered, or reverse and remand if neither party has met its summary judgment burden. *Id.*

"An indemnity agreement is a promise to safeguard or hold the indemnitee harmless against either existing [or] future loss liability." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). Indemnity agreements

are construed under the normal rules of contract construction. *Ayres Welding Co. v. Conoco, Inc.*, 243 S.W.3d 177, 180 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Indemnity agreements must be strictly construed to give effect to the parties' intent as expressed in the agreement. *Crowder v. Scheirman*, 186 S.W.3d 116, 119 (Tex. App.—Houston [1st Dist.] 2005, no pet.). To determine that intent, we must examine the entire agreement in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *Ayres Welding Co.*, 243 S.W.3d at 181. In an effort to discern that intent, we may not expand the parties' rights or responsibilities beyond the limits agreed upon by the parties in the indemnity agreement. *See Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex. 1983); *Lehmann v. Har-Con Corp.*, 76 S.W.3d 555, 561 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In addition, we must read the indemnity provision in light of common sense and give its terms their plain, ordinary, and generally accepted meanings unless the agreement provides otherwise. *Lehmann*, 76 S.W.3d at 561. The interpretation of an unambiguous indemnity agreement, like any unambiguous contract, is a question of law which is reviewed de novo. *Crowder*, 186 S.W.3d at 119.

II. **Rylie established as a matter of law that the plain language of the indemnity agreement does not cover her claim for unemployment benefits.**

Rylie Transports moved for partial summary judgment on its indemnity cause of action, asserting that: (1) it was a party covered by the Divorce Decree's indemnity agreement; and (2) Rylie breached the indemnity agreement when she received unemployment benefits after the Divorce Decree was signed and then failed to reimburse Rylie Transports for the amount charged back to Rylie Transports' unemployment insurance account.

The indemnity agreement executed on December 5, 2008 provides in pertinent part:

[1] Each party represents and warrants that he or she has not incurred any outstanding *debt, obligation, or other liability* on which the other party is or may be liable, other than those described in this decree. [2] Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is *hereafter* initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission . . . , that other party will . . . defend the party not assuming the debt, obligation, liability, act or omission of the other party against any such claim or demand . . . and will indemnify the party not assuming the debt, obligation, liability, act or omission . . . and hold him or her harmless from all damages resulting from the claim or the demand.

(Emphasis added). In Rylie Transports' view, Rylie's claim for unemployment benefits invoked the duty to indemnify Rylie Transports because the charge led to an increase in its unemployment insurance tax rate. In her combined summary judgment response and cross-motion for final summary judgment, Rylie argued her filing for unemployment benefits and any impact that may have had on Rylie Transports' unemployment insurance tax rate was not covered by the plain language of the indemnity agreement.

For purposes of our analysis, we assume without deciding that Rylie Transports was a party to the indemnity agreement.[3] Nevertheless, we conclude that the unambiguous language of the indemnity agreement quoted above does not cover Rylie's claim of unemployment benefits or the TWC proceeding seeking to

---

[3] In her motion for summary judgment and in her first issue on appeal, Rylie also argues that section 207.071 of the Texas Labor Code declares invalid any agreement requiring a former employee to reimburse his or her former employer for any amounts the former employer is required to pay the TWC because the former employee received unemployment benefits. Because of our disposition, we need not reach this issue.

6

charge Rylie Transports' account for those benefits.

Rylie Transports alleged in the trial court that Rylie breached the first sentence of the agreement quoted above and committed fraud by failing to disclose her unemployment claim. But the first sentence only required Rylie to disclose whether "she ha[d] . . . incurred an[] outstanding debt, obligation, or other liability." The parties have not cited, and we have not discovered, any basis for concluding that Rylie incurred a liability when she filed a claim for unemployment benefits. Accordingly, we hold that her claim is not covered by the first sentence of the indemnity agreement.

Nor does the second sentence of the agreement apply here. Even if a claim for unemployment benefits could qualify as an "act" of Rylie, the TWC proceeding seeking to hold Rylie Transports liable for that act was initiated before the indemnity agreement took effect. It is undisputed that (1) Rylie Transports ceased paying Rylie on September 26, 2008; (2) Rylie filed for unemployment benefits on October 19; (3) the TWC approved her claim for benefits and ordered the benefits charged back to Rylie Transport's account on November 17; and (4) the Divorce Decree containing the indemnity was not signed until December 5. These dates demonstrate that the TWC had approved Rylie's application for unemployment benefits and charged back those benefits to Rylie Transports' account well before the Divorce Decree was signed.

Under the plain language of the second sentence of the indemnity agreement, Rylie's duty to indemnify only arose for claims, actions, or proceedings initiated *after* the Divorce Decree was signed and seeking to hold Rylie Transports liable for a debt, obligation, liability, act, or omission of Rylie. Because Rylie's unemployment claim was initiated before the Divorce Decree was signed, we hold Rylie did not have a duty to indemnify Rylie Transports for the cost of the charge

7

and did not breach the Divorce Decree's indemnity agreement by failing to do so. *See Ideal Lease Serv., Inc.*, 662 S.W.2d at 953 (holding, based on evidence in trial record and language of the indemnity agreement, that injury underlying indemnity lawsuit was not covered by indemnity agreement).

Given that the plain language of the indemnity agreement does not require Rylie to pay Rylie Transports for any damages it allegedly incurred as a result of her unemployment claim, we sustain her second issue on appeal and hold that the trial court erred in denying her motion for summary judgment and granting Rylie Transports' motion.

### CONCLUSION

Having sustained Rylie's second issue on appeal, we reverse the trial court's judgment and render judgment that Rylie Transports take nothing.


/s/        J. Brett Busby
           Justice


Panel consists of Justices McCally, Busby, and Donovan.