Reversed and Remanded and Opinion filed May 5, 2011.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00006-CV



 

Robert R. Doggett, Florence
E. Pollard, and Paul R. Doggett, and Intervenors, Robert R. Doggett and Paul
Doggett, Trustees of the Testamentary Trusts under the Will of John Doggett,
Deceased, and Paul Randolph Doggett, Jr., Mark Edward Doggett, and Matthew
Joseph Doggett, Appellants

V.

Mary Robinson, as Independent
Executor of the Estate of John M. Robinson, Appellee

 



On Appeal from the Probate Court
No. 2

Harris County, Texas

Trial Court Cause No. 328,505-401



 

OPINION

 

Robert R. Doggett, Florence E. Pollard, Paul R.
Doggett, Paul Randolph Doggett, Jr., Mark Edward Doggett, and Matthew Joseph
Doggett appeal the trial court’s summary judgment in favor of Mary Robinson, as
independent executor of the estate of John M. Robinson.  We reverse and remand.

BACKGROUND

I.         John Doggett’s
Will

John Doggett executed a will prepared by attorney
John M. Robinson.  John Doggett was married to his second wife, Sylvia, when he
executed the will in 1983.  John had four children from his first marriage — John
III, Robert, Florence, and Paul.  Sylvia had one child from a prior marriage — Beverly
Longuet.

John’s will directs that Sylvia receive his personal
effects and distributes his remaining assets to two trusts: the Unlimited
Marital Deduction Trust (“Marital Trust”) and the Family Trust.  The will names
John M. Robinson as the trustee of both trusts.[1] 


The will directs that Marital Trust income be paid to
Sylvia during her lifetime, with the principal available for her support if
necessary.  Section 3.4 of John’s will grants Sylvia testamentary power of
appointment over the Marital Trust principal by “specific reference” in
Sylvia’s will.[2] 
John’s will provides in section 3.6 that any unappointed Marital Trust assets will
be distributed upon Sylvia’s death as specified:

John Rentz Doggett III                                35%

Beverly Ann Longuet                                  35%

Robert Raymond Doggett                           10%

Florence Emily Pollard                               5%

Paul Randolph Doggett                               5%

Paul Randolph Doggett, Jr.                         3-1/2%

Mark Edward Doggett                                 3-1/2%

Matthew Joseph Doggett
                            3-1/2%[3]

The will also states that
Family Trust assets may be distributed during Sylvia’s lifetime to Sylvia or to
John’s descendants as necessary for their support.  In section 4.3, John’s will
grants Sylvia a lifetime power of appointment over the Family Trust income and principal,
as well as a testamentary power of appointment by “specific reference” in her will.[4] 
John’s will states that the Family Trust will terminate “when my wife dies or
when no child of mine is living and under age 40, whichever is later.”  John’s will
directs any unappointed Family Trust assets existing upon termination to be
distributed according to the same schedule as the unappointed Marital Trust
assets. 

With respect to both the Marital Trust and the Family
Trust, John’s will places an express limitation on Sylvia’s power of
appointment.  Section 3.4 of John’s will, which governs the Marital Trust,
states that Sylvia “shall not have the power to appoint trust principal to
herself, her estate, her creditors or the creditors of her estate.”  Section
4.3 of John’s will, which governs the Family Trust, states that Sylvia “shall
not appoint trust property to herself, her creditors, her estate, or the
creditors of her estate.”

John Doggett died in 1987.  His will was probated,
and Sylvia was appointed executor of his estate.  It is alleged that neither
trust was funded during Sylvia’s lifetime or after her death.  John M. Robinson
died in 2002.

II.        Sylvia Doggett’s
Will

Sylvia executed a will in 2002.  After she died in
2006, her will was admitted to probate and Beverly was appointed executor of
Sylvia’s estate.  

This appeal focuses in significant part on sections
2.1 and 2.4 of Sylvia’s will.  These sections provide as follows:

2.1       I give,
devise and bequeath all of my property, real, personal and mixed, of every kind
and character and description, and wherever situated, and any other property
over which I may have a power of appointment or power of testamentary
disposition, according to the provisions of this Article II.

            *                                  *                                  *          

2.4       I give,
devise and bequeath all the rest, residue, and remainder of my estate and
property to my daughter, Beverly Ann Longuet.

Sylvia’s will also provides in
section 2.3 for the distribution of Sylvia’s personal effects, and makes three
monetary bequests in section 2.2 to persons other than John’s children, John’s
grandchildren, or Beverly.

III.      Suit by John
Doggett’s Children and Grandchildren

John’s surviving children — Robert Doggett, Florence
Doggett Pollard, and Paul R. Doggett — sued Beverly individually and in her
capacity as executor of Sylvia’s estate in 2007.[5] 
They alleged, among other things, that (1) Sylvia failed to establish and
operate the trusts properly; and (2) Beverly failed to provide an accounting of
the assets in Sylvia’s estate and information about assets that should have
been used to fund the trusts.  Three of John’s grandchildren — Paul, Mark, and
Matthew Doggett — filed a petition in intervention.  We refer collectively to
the original plaintiffs and intervenors as the “Doggett claimants.”

The Doggett claimants also sued Mary Robinson in her
capacity as executor of John M. Robinson’s estate.  The Doggett claimants alleged
that John M. Robinson accepted appointment as trustee of the Marital Trust and
the Family Trust under John’s will.  They further alleged, among other things,
that John M. Robinson failed to fulfill his obligations as trustee; assisted
Sylvia in taking assets belonging to the trusts; failed to require assets to be
segregated; made misrepresentations; and breached his fiduciary duties as
trustee.  The Doggett claimants contend that, as a result of this alleged
conduct, Beverly improperly obtained trust property intended for them under
John’s will.  The Doggett claimants sought actual damages, punitive damages,
costs and attorney’s fees, interest, the imposition of a constructive trust,
and declaratory relief.  

Beverly settled with the Doggett claimants on behalf
of herself and Sylvia’s estate in 2008, leaving Robinson’s estate as the only
defendant.

Robinson’s estate filed a traditional summary judgment
motion under Rule 166a(c), arguing that it was not liable to the Doggett claimants
because Sylvia in her will properly exercised her power of appointment in favor
of Beverly.  The Doggett claimants also filed a traditional summary judgment
motion, arguing that (1) John’s will authorized Sylvia to exercise her power of
appointment only in favor of John’s “descendants” as that term is defined in
section 9.3 of John’s will; and (2) Beverly is not among John’s defined
“descendants.”  

The trial court granted partial summary judgment in
favor of Robinson’s estate and denied the Doggett claimants’ motion.  The trial
court held: “As a matter of law, Sylvia Doggett validly exercised her power of
appointment in favor of John Doggett’s descendant, Beverly Longuet; and . . .
[b]ecause of the valid exercise of the power of appointment, [the Doggett claimants’]
claims fail as a matter of law.”  The summary judgment was interlocutory
because attorney’s fees were not adjudicated.  

After a one-day bench trial, the trial court signed a
final judgment on November 4, 2009 that (1) incorporated its prior partial summary
judgment; and (2) awarded attorney’s fees to Robinson’s estate.  Robinson’s
estate filed a motion to modify the final judgment, which the trial court
granted in part and denied in part.  The trial court signed an amended final
judgment on December 1, 2009, and the Doggett claimants timely appealed.  

ANALYSIS

This appeal turns on the interplay between John’s
will and Sylvia’s will.  The Doggett claimants contend that the trial court
erred by denying their motion for summary judgment, and by granting summary
judgment based on the trial court’s conclusion that Sylvia properly exercised
her power of appointment in favor of Beverly.  In their first issue, the
Doggett claimants assert that Sylvia’s will did not validly exercise the power
of appointment under sections 3.4 and 4.3 of John’s will.  In their second
issue, the Doggett claimants contend that Beverly is not among the defined
“descendants” to whom Sylvia was allowed to appoint trust property under
section 9.3 of John’s will.  They also challenge the award of attorney’s fees
in their third issue.  Robinson’s estate raises one issue on cross-appeal,
arguing that the trial court should have awarded costs and post-judgment
interest in the final judgment.

I.         Standard of
Review

An appellate court applies de novo review to a
traditional summary judgment under Rule 166a(c), using the same standard that
the trial court used in the first instance.   Duerr v. Brown, 262 S.W.3d
63, 68 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005)).

The defendant as movant must disprove at least one essential
element of each of the plaintiff’s causes of action in order to prevail on
summary judgment.  Wright v. Greenberg, 2 S.W.3d 666, 670 (Tex.
App.—Houston [14th Dist.] 1999, pet. denied) (citing Lear Siegler, Inc. v.
Perez, 819 S.W.2d 470, 471 (Tex. 1991)).  This burden requires the movant
to show that no genuine issue of material fact exists and that the movant is
entitled to judgment as a matter of law.  Id. (citing Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985)).  In determining whether a
material fact issue exists to preclude summary judgment, evidence favoring the
nonmovant is taken as true, and all reasonable inferences are indulged in favor
of the nonmovant.  Id.

II.        Exercise of the
Appointment Power

All rules of will construction must yield to the
basic intention and purpose of the testator as reflected by the entire
instrument.  Wright, 2 S.W.3d at 672 (citing Shriner’s Hosp. for
Crippled Children of Tex. v. Stahl, 610 S.W.2d 147, 151 (Tex. 1980)).  The testator’s
intent must be ascertained from the language used within the four corners of
the instrument.  Id.  The question is not what the testator intended to
write, but the meaning of the words actually used.  Id.  In the absence
of ambiguity, we must construe the will based on the express language used.  Id. 
If the court can give a certain or definite meaning or interpretation to the
words of an instrument, it is unambiguous and the court may construe it as a
matter of law.  Id. (citing Coker v. Coker, 650 S.W.2d 391, 393
(Tex. 1983)).  If, however, the meaning of the instrument is uncertain or
reasonably susceptible to more than one meaning, it is ambiguous.  Id.
at 271.  If it is ambiguous, then its interpretation presents a fact issue
precluding summary judgment.  Id. 

A.        Standards Governing Exercise of the Appointment
Power

The interpretation issue addressed in this appeal
focuses on a power of appointment.  It is helpful to describe at the outset what
the power of appointment entails.

“A power of appointment is a power of disposition
given to a person over property not his own, by [someone] who directs the mode
in which that power shall be exercised by a particular instrument.”  Republic
Nat’l Bank of Dallas v. Fredericks, 283 S.W.2d 39, 46 (Tex. 1955) (internal
quotation omitted).  “It is an authority to do an act which the owner granting
the power might himself lawfully perform.”  Id. (internal quotation
omitted).  This power enables the donee to designate, within such limits as the
donor may prescribe, the transferees of the property or the shares in which it
shall be received.  Id.

It also is helpful to describe what the power of
appointment is not.  “A power of appointment is neither property
nor an estate, but is a mere right or power.”  Krausse v. Barton, 430
S.W.2d 44, 47 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ ref’d n.r.e.).  “The
authority given to the donee of a power of appointment does not vest in him any
estate, interest, or title in the property which is the subject of the power.” 
Id.  

To exercise the appointment power granted in sections
3.4 and 4.3 of John’s will, Sylvia’s will “must refer to the power of
appointment or the property subject to such power;” alternatively, Sylvia “must
have owned no other property to which the will could have attached and thus the
will have been a vain and useless thing except it be held to be an exercise of
such power.”  Republic Nat’l Bank of Dallas, 283 S.W.2d at 47. 
Robinson’s estate does not rely on the second or third bases to argue that
Sylvia validly exercised her power of appointment in favor of Beverly. 
Therefore, we address the reference in Article II of Sylvia’s will to a power
of appointment and examine whether Article II validly exercises the power
granted in John’s will.

The inquiry in this case goes beyond the mere existence
of a reference to the appointment power.  “The general rule is that in order
for a will or deed to constitute the exercise of a power of appointment the
intent to exercise such power must be so clear that no other reasonable intent
can be imputed under the will.”  Id.  “‘If, from the circumstances or
the instrument executed, it be doubtful as to whether it was the intention to
execute the power possessed by the grantor, then it will not be held that by
such act or conveyance that power was in fact executed.’”  Id. (quoting Hill
v. Conrad, 43 S.W. 789, 791 (Tex. 1897)).

We note another hurdle that must be cleared in this
particular case.  Sections 3.4 and 4.3 of John’s will provide that Sylvia’s
testamentary power of appointment over Marital Trust and Family Trust assets
must be exercised by “specific reference.”  Robinson’s estate
contends that Sylvia exercised this power by “specific reference” in sections
2.1 and 2.4 of Sylvia’s will.  The Doggett claimants contend that Article II’s
reference to “any other property over which I may have a power of appointment”
is not precise enough to be a “specific reference.”

With these standards as a backdrop, we examine
whether Sylvia’s will validly exercised the appointment power granted in John’s
will.

B.        Application of the Standards to Sylvia’s
Will

According to Robinson’s estate, Article II of Sylvia’s
will exercised the appointment power granted to her in sections 3.4 and 4.3 of
John’s will.  Robinson’s estate contends in its appellate brief that Article II
of Sylvia’s will “bequeathed to her daughter ‘any other property over which I
may have a power of appointment.’”  To make this argument, Robinson’s estate reads
sections 2.1 and 2.4 of Sylvia’s will together.  

Section 2.1 states Sylvia’s intent to give, devise,
and bequeath “all of my property . . . and any other property over which I may
have a power of appointment.”  This language by itself does not appoint
property to any identified recipient.  Therefore, Robinson’s estate cannot rely
solely upon section 2.1 as the vehicle by which Sylvia appointed trust property
to Beverly.

Robinson combines this language from section 2.1 with
language from a residuary clause in section 2.4 to formulate an appointment of
trust property to Beverly.  Section 2.4 states, “I give, devise and bequeath
all of the rest, residue and remainder of my estate and property to my
daughter, Beverly Ann Longuet.”

The formulation posited by the Robinson estate’s
brief — under which Sylvia  “bequeathed to her daughter ‘any other property
over which I may have a power of appointment’” — omits section 2.4’s reference
to “my estate and property.” As discussed more fully below, this omitted
phrase is significant.

The Doggett claimants contend as a threshold matter
that section 2.1’s language does not constitute the “specific reference” demanded
by John’s will because section 2.1’s language does not explicitly refer to
John’s will, the power granted in John’s will, or the trusts.  We assume
without deciding that Sylvia’s stated intent in section 2.1 to dispose of “any other
property over which I may have a power of appointment” satisfies the “specific
reference” requirement in sections 3.4 and 4.3 of John’s will.[6] 
But that is only the first hurdle.

Even with this threshold assumption, Robinson’s
estate still must establish that section 2.1’s reference to “any other property
over which I may have a power of appointment” can be read in conjunction with section
2.4’s residuary clause to accomplish a valid exercise of the appointment power
in favor of Beverly.  Evaluating this latter proposition requires a close examination
of the phrase “my estate and property” because that is what
Sylvia gave “all of the rest, residue and remainder of” to Beverly in section
2.4.[7]

Ordinary grammar and usage precepts teach that section
2.4’s reference to “my estate and property” means Sylvia’s “estate” and Sylvia’s
“property.”  See McIntyre v. Ramirez, 109 S.W.3d 741, 746 (Tex. 2003)
(interpreting phrase “a person who would ordinarily receive or be entitled to
receive” in statute to mean a person who would “ordinarily receive” or
“ordinarily be entitled to receive”); Cent. Power & Light Co. v. Bradbury,
871 S.W.2d 860, 863–64 (Tex. App.—Corpus Christi 1994, writ denied)
(interpreting phrase “ambulatory devices and services” in statute to mean
“ambulatory devices” and “ambulatory services”); see also S&P Consulting
Eng’rs, PLLC v. Baker, No. 03-10-00108-CV, 2011 WL 590435, at *8 (Tex.
App.—Austin Feb. 18, 2011, no pet.) (acknowledging authority “preferring [the
rule] that a single adjective preceding a list of nouns modifies each of the
nouns” in statutory interpretation cases); Bonilla v. State, No. 14-08-00289-CR,
2010 WL 2195440, at *9 n.18 (Tex. App.—Houston [14th Dist. June 3, 2010, no
pet.) (mem. op.) (interpreting phrase “written order or grant of permission” in
criminal statute to mean “written order” or “written grant of permission”
according to “rules of grammar and common usage”).  Robinson’s estate did not
argue otherwise in the trial court.

Under this reading of “my estate and property” as
Sylvia’s “estate” and Sylvia’s “property,” section 2.4’s residuary clause
accomplished an appointment of trust property to Beverly if Sylvia “intended
that the appointive estate become part of her residual estate, and that it pass
. . . under the terms of her will” to Beverly.  See Krausse, 430 S.W.2d
at 49.  Such a reading comports with an understanding of the appointment power
as “neither property nor an estate” by itself, which did not vest in Sylvia
“any estate, interest, or title” in the trust property.  See id. at 47. 
The property subject to the appointment power would not become part of Sylvia’s
“property” or Sylvia’s “estate” unless that property first was appointed to
Sylvia or to Sylvia’s estate.  See id. at 49.

In short, the approach illustrated by Krausse contemplates
a two-step process.  The property first is appointed to the testator’s estate
and then reaches the recipient named in the residuary clause.  See id.  This
court’s decision in Wright illustrates the same two-step process.  See
Wright, 2 S.W.3d at 673 (“Having found that Jacob did exercise the power of
appointment, we further hold that by the terms of his will, Jacob intended that
his appointive estate become part of his residual estate, and that the
appointive estate under Lurine’s will passed to the trustee of the Jacob
Greenberg Family Trust.”).  But this mechanism was not available to Sylvia.

In regard to the Marital Trust, section 3.4 of John’s
will unambiguously states: “My wife shall have the special testamentary power
to appoint . . . provided, however, she shall not have the power to appoint
trust principal to herself [or] her estate . . . .”  In regard to the Family
Trust, section 4.3 of John’s will unambiguously states: “My wife shall not
appoint trust property to herself . . . [or] her estate . . . .”

If Sylvia could not appoint trust property to herself
or to her estate, then section 2.4’s residuary clause bequeathing to Beverly
“all the rest, residue and remainder” of Sylvia’s “estate” and Sylvia’s “property”
could not capture the trust property.  If section 2.4’s residuary clause could
not capture the trust property, then that clause cannot be read in conjunction
with section 2.1 of Sylvia’s will to bequeath to Beverly “any other property
over which I may have a power of appointment.”  Such an interpretation impermissibly
contravenes the unambiguous limits in sections 3.4 and 4.3 of John’s will on
Sylvia’s exercise of the appointment power.  Cf. Krausse, 430 S.W.2d at
48 (“The will of William H. Wilson authorized Mrs. Wilson to appoint her own
estate . . . .”).  Therefore, as a matter of law, Robinson’s estate cannot rely
on the two-step mechanism illustrated by Krausse  and Wright  to establish
that section 2.1 of Sylvia’s will worked in conjunction with section 2.4’s
residuary clause to accomplish a valid exercise of Sylvia’s appointment power in
favor of Beverly.[8]

To address the limits established in sections 3.4 and
4.3 of John’s will, Robinson’s estate contends in a post-argument brief that
“the trust principal need not — and does not — pass through Sylvia’s estate.”  Instead,
“Sylvia expressed her intent that the power of appointment be exercised and the
property given in the same manner as her estate property, but not that it be
appointed to her estate.”  Robinson’s
estate further argues that “[t]here is no need to treat the trust property as part
of Sylvia’s estate” when construing sections 2.1 and 2.4.[9]

Without expressly saying so, this alternative argument
reads the residuary clause’s key phrase — “my estate and property” — to
bequeath Sylvia’s “estate” along with “property [including property over which
I have a power of appointment].”  This argument does not effectively circumvent
the appointment power limits established in John’s will for two reasons.

First, the Robinson estate’s alternative argument requires
this court to perform major surgery on section 2.4’s residuary clause by grafting
the bracketed phrase [including property over which I have a power of
appointment] onto “my estate and property.”  Cf. Krausse, 430 S.W.2d at
48–49 (residuary clause specifically disposed of all other property “which I may
own or claim at the time of my death or over which I then shall have power of
testamentary disposition”).  We cannot do so because “courts may not redraft
the will, vary or add provisions under the guise of construction of the language
of the will in order to reflect some presumed intention of the testatrix.”  Shriner’s
Hosp., 610 S.W.2d at 151.

Second, the Robinson estate’s alternative argument requires
choosing between multiple meanings of the word “property” when it is used in
section 2.4’s residuary clause.  As discussed above, the most natural reading
of section 2.4 is one in which “my estate and property” means Sylvia’s “estate”
and Sylvia’s “property.”  Even if the Robinson estate’s interpretation is
plausible, it is at best an alternative interpretation.  Robinson’s estate
cannot prevail merely by offering an alternative interpretation because the
intent to exercise the appointment power “must be so clear that no other
reasonable intent can be imputed under the will.”  Republic Nat’l Bank of
Dallas, 283 S.W.2d at 47.

It bears emphasizing that section 2.1 by itself
appoints no property to Beverly or to any other identified recipient.  The
Robinson estate’s argument depends on combining section 2.1 with the phrase “my
estate and property” in section 2.4’s residuary clause.  Therefore, the burden
of demonstrating a sufficiently “clear” intent to exercise the appointment
power must be borne in significant part by section 2.4’s residuary clause.  

Section 2.1 encompasses at least two distinct types
of “property.”  Sylvia refers to “my property” in section 2.1, which by
definition does not include any property over which she had power of
appointment.  See Krausse, 430 S.W.2d at 47.  Sylvia also refers in
section 2.1 to “any other property over which I may have a power of
appointment.”  Because section 2.4’s reference to “property” reasonably could
mean “my property” exclusive of appointive property, Sylvia’s intent to
exercise the appointment power via section 2.4’s residuary clause is not “so
clear that no other reasonable intent can be imputed under the will.”  Republic
Nat’l Bank of Dallas, 283 S.W.2d at 47.  These circumstances create doubt “as
to whether it was the intention to execute the power possessed by the grantor”
and militate against a holding that the appointment power “was in fact
executed” by “such act or conveyance” in section 2.4.  See id. (citing Hill,
43 S.W. at 791).

For these reasons, the trial court erred in granting
summary judgment based on a conclusion that “Sylvia Doggett validly exercised
her power of appointment in favor of . . . Beverly Longuet.”  The trial court therefore
erred in granting summary judgment based on a conclusion that “[b]ecause of the
valid exercise of the power of appointment, [the Doggett claimants’] claims . .
. fail as a matter of law.”  As a matter of law, Robinson’s estate cannot
establish that Sylvia validly appointed trust property to Beverly via sections
2.1 and 2.4 of Sylvia’s will.  We sustain the Doggett claimants’ first issue
with respect to the grant of summary judgment and the award of attorney’s fees
in favor of Robinson’s estate.[10]

CONCLUSION

We reverse the trial court’s final judgment and remand
this case for proceedings consistent with this opinion.

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.

 









[1]
In the trial court, Robinson’s estate disputed whether John M. Robinson acted
as a trustee in connection with the matters giving rise to this litigation. 
The parties assume for purposes of this appeal that John M. Robinson was acting
as trustee of the Marital Trust and the Family Trust, and we do so as well.  We
express no opinion on the merits of this issue.





[2]
Section 3.4 states in full: “My wife shall have the special testamentary power
to appoint (outright, in trust or otherwise) all or any part of the principal
of this trust to any one or more of my descendants provided, however, she shall
not have the power to appoint trust principal to herself, her estate, her
creditors or the creditors of her estate. This power shall be exercisable only
by specific reference in my wife’s Will.”





[3]
Paul Randolph Doggett, Jr., Mark Edward Doggett, and Matthew Joseph Doggett are
John’s grandchildren.





[4]
Section 4.3 states in part: “My wife shall have the special power to appoint
(outright, in trust or otherwise) all or any part of the income and principal
of this trust to any one or more of my descendants. Such power shall be exercisable
by acknowledged instruments delivered to my Trustee during her lifetime or by
specific reference in her Will. . . .  My wife shall not appoint trust property
to herself, her creditors, her estate or the creditors of her estate nor shall
she appoint trust property in discharge of her legal obligations of support.”





[5]
John Rentz Doggett III died without descendants in 2006.  The Marital and
Family Trust provisions direct that his share pass to his survivors or be
“distributed in the original proportions to the remaining heirs.”  Robert and
Paul Doggett were appointed successor trustees of the Marital and Family
Trusts; in that capacity, they also filed a petition in intervention.





[6]
The Doggett claimants urge this court to endorse a distinction between general
and special powers of appointment.  See Restatement (Second) of Property
§ 17.1 cmt. b (1986).  According to the Restatement, “The donor may want to
make certain that the donee does not inadvertently exercise this power; and to
avoid this possibility, specific reference to the power may be required in
order for it to be effectively exercised.”  Id.  “Failure by the donee
to comply with the formal requirements imposed by the donor in regard to the
exercise of power may prevent an effective exercise of it even though the
intention of the donee to exercise the power is otherwise clearly manifested.” 
Id.  We do not decide whether the “specific reference” requirement in
John’s will demands more explicit language than is found in section 2.1 of
Sylvia’s will.  We also do not decide whether the Restatement’s distinction
between general and special powers of appointment comports with existing Texas
law.  We resolve the appeal on other grounds.





[7]
Both sides cite and discuss section 58c of the Texas Probate Code, entitled
“Exercise of Power of Appointment,” which was adopted in 2003 after Sylvia’s
will was executed.  See Tex. Prob. Code Ann. § 58c (Vernon Supp. 2009). 
Because this provision does not apply to Sylvia’s will, we do not rely upon it.





[8]
Wright did not address an additional contention that the appointment
power at issue was improperly exercised because the operative language
contravened a separate restriction, “which limited the power to appoint the
property ‘free of the trust . . . in favor of his estate.’”  Wright, 2
S.W.3d at 673.  Wright held that the appellant waived this contention on
appeal by insufficient briefing.  Id.  Therefore, Wright provides
no assistance in determining whether the Robinson estate’s reliance on the term
“my estate and property” in section 2.4’s residuary clause contravenes the
prohibitions in John’s will against appointment of trust property to Sylvia or
to Sylvia’s estate.  





[9]
Although Robinson’s estate references section 2.2 in its post-argument brief,
we construe this argument as a contention that section 2.1 in conjunction with
section 2.4 expresses “Sylvia’s intent to give the property subject to her
power of appointment in the same manner as Sylvia was giving the property in
her estate.”  Section 2.2 of Sylvia’s will does not affect the analysis here
because it addresses specific monetary bequests to three persons other than
Beverly or the Doggett claimants.  





[10] 
The award of attorney’s fees was predicated on the partial summary judgment
ruling in favor of Robinson’s estate.  Because we sustained the Doggett
claimants’ first issue in part and reverse the partial summary judgment ruling
in favor of Robinson’s estate, we also reverse the award of attorney’s fees to
Robinson’s estate.  We do not reach the Doggett claimants’ remaining
contentions, and we do not address the Robinson estate’s cross-appeal.